This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36581**

**BANK OF AMERICA, N.A.,**

      Plaintiff-Appellee,

v.

**KHIN UNG a/k/a KHI UNG; and MUI UNG TRU a/k/a MUI T. UNG a/k/a MUI UNG a/k/a MUI TRU a/k/a MUI UNG-TRU,**

      Defendants-Appellants,

and

**NEW MEXICO TAXATION AND REVENUE DEPARTMENT; FIA CARD SERVICES N.A. f/k/a BANK OF AMERICA, N.A.; CANVASBACK FINANCIAL SERVICES, LLC; and DISCOVER BANK,**

      Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Snell & Wilmer LLP
Jeanne Y. Sohn
Albuquerque, NM

for Appellee

Khin Ung
Mui Ung Tru
Albuquerque, NM

Pro Se Appellants

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}**     Defendants King Ung and Mui Ung-Tru appeal the district court's judgment, after a trial on the merits, ordering foreclosure on Defendants' home. Defendants argue that Bank of America, N.A., (BOA) lacked standing to file a foreclosure action and enforce the promissory note against Defendant's home.[1] We affirm.

**DISCUSSION**

**{2}**     Defendants contend that BOA lacked standing to enforce the promissory note (Note). We disagree. We review a district court's determination of standing under a substantial evidence standard of review. *See Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 28, 369 P.3d 1046 (analyzing standing under a substantial evidence standard of review in a mortgage foreclosure cause of action). Substantial evidence "means relevant evidence that a reasonable mind could accept as adequate to support a conclusion." *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 18, 320 P.3d 1 (internal quotation marks and citation omitted).

**{3}**     We determine whether a plaintiff has standing under a three-prong test. *See Deutsche Bank*, 2016-NMSC-013, ¶ 13. "New Mexico's standing doctrine requires a plaintiff to allege that (1) they are directly injured as a result of the action they seek to challenge, (2) there is a causal relationship between the injury and the challenged conduct, and (3) the injury is likely to be redressed by a favorable decision." *O'Brien v. Behles*, 2020-NMCA-032, ¶ 25, 464 P.3d 1097 (alteration, internal quotation marks, and citation omitted). Although Defendants reference the three-prong test in the brief in chief, Defendants failed to address the second and third prongs and thus, we limit our analysis accordingly.

**{4}**     The injury in fact requirement, requires a party filing suit to demonstrate "injury in a direct and concrete way[.]" *Deutsche Bank*, 2016-NMSC-013, ¶ 14 (internal quotation marks and citation omitted). A direct and concrete injury is demonstrated when a person establishes its right to enforce a promissory note under the UCC statutory guidelines in NMSA 1978, Section 55-3-301 (1992). *See Deutsche Bank*, 2016-NMSC-013, ¶ 14.

---

1Defendants' brief in chief includes several other conclusory assertions and undeveloped arguments that we decline to address. Among Defendants' other contentions, they argue that the district court erred by failing to provide Defendants—who are Vietnamese language speakers—with an interpreter. Defendants also allege they were "mislead during the entire loan process," the loan was "unconscionable," and that there was "unequal bargaining power between the parties." However, Defendants fail to cite any relevant portions of the record or any legal authority. As such, we decline to address Defendants' undeveloped arguments. *See Santa Fe Expl. Co. v. Oil Conservation Comm'n*, 1992-NMSC-044, ¶ 11, 114 N.M. 103, 835 P.2d 819 (stating that appellate courts have no duty to entertain uncited and unsupported arguments); *see also* Rule 12-318(A)(4) NMRA (emphasizing that an argument must contain citation to authorities and the record proper).

Under the UCC, certain categories of "persons" are entitled to enforce a promissory note—a negotiable instrument. *See* § 55-3-301 (defining categories of "persons" who may enforce a negotiable instrument); *see also* NMSA 1978, § 55-1-201(b)(27) (2006) (defining "person" as a "corporation, business trust, limited liability company, association . . . or any other legal or commercial entity"). Under Section 55-3-301, a "person" may enforce a negotiable instrument, such as a promissory note, if the "person" holds the instrument. *See also* § 55-1-201(b)(21)(A) (stating that a holder of a negotiable instrument is the person in possession of the instrument that is payable "to [the] bearer or to an identified person in possession").

**{5}** Substantial evidence supports the district court's conclusion that BOA was the holder of the Note when it filed its foreclosure complaint and therefore was a person who had standing to enforce the Note. BOA followed the statutory guidelines in Section 55-3-301 by producing the original Note at trial. The district court admitted the original Note into evidence, without objection from Defendants. BOA elicited testimony at trial that the original Note was in an off-site storage facility and through additional research, a BOA employee located the original Note one week before trial. Further, BOA was the sole holder of interest for the Note and mortgage on the property from December 2006 until the trial in April 2018, and BOA never transferred or sold its interest in the Note. *See Romero*, 2014-NMSC-007, ¶ 17 (explaining that a plaintiff bank has "the burden of establishing timely ownership of the note and the mortgage to support its entitlement to pursue a foreclosure action"). By proving that it held the Note at the time it filed its complaint, BOA demonstrated its right to enforce the Note and thereby established a direct and concrete injury.

**CONCLUSION**

**{6}** We affirm.

**{7} IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**